IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RANDY RUSSELL and )
ANTOINETTE RUSSELL, )
) Case No. 10-CV-3180
Plaintiffs, )
)
v. )
)
WHIRLPOOL CORPORATION, )
)
Defendant. )

### **WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Whirlpool Corporation (hereinafter "Whirlpool"), by and through its undersigned counsel, and answers the Plaintiffs' Complaint by denying each and every allegation not specifically admitted herein, and specifically answering as follows:

1. Whirlpool lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and, therefore, denies the same.

2. Whirlpool admits the allegations of Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Whirlpool admits the action involves parties of different states, but denies that the controversy exceeds $75,000, exclusive of interest and costs.

4. Whirlpool lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and, therefore, denies the same.

5. Whirlpool denies the allegations of Paragraph 5 of the Complaint.

1

6. Whirlpool denies the allegations of Paragraph 6 of the Complaint.

7. Whirlpool denies the allegations of Paragraph 7 of the Complaint.

8. Whirlpool denies the allegations of Paragraph 8 of the Complaint.

9. Whirlpool denies the allegations of Paragraph 9 of the Complaint.

Further, Whirlpool denies that the Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Whirlpool upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Whirlpool specifically denies that Plaintiffs sustained any damages as a result of any alleged fault of Whirlpool.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiffs sustained damages as alleged in Plaintiffs' Complaint, which Whirlpool specifically denies, then the acts, omissions, negligence, fault, carelessness, or other conduct of Plaintiffs, defendants other than Whirlpool, or others not named as parties for whose actions Whirlpool is neither liable nor legally responsible, caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained damages as alleged in Plaintiffs' Complaint, which Whirlpool specifically denies, then the acts, omissions, negligence, fault, carelessness, or other conduct of Plaintiffs, defendants other than Whirlpool, or others not named as parties for whose actions

Whirlpool is neither liable nor legally responsible, rendered void and unenforceable any alleged warranties, the existence of which Whirlpool expressly denies, and any recovery by Plaintiffs against Whirlpool under a theory of warranty is barred.

## FIFTH AFFIRMATIVE DEFENSE

Whirlpool effectively disclaimed, excluded, or limited any alleged implied or express warranties or representations, the existence of which Whirlpool expressly denies, and any recovery by Plaintiffs against Whirlpool under a theory of warranty is barred.

## SIXTH AFFIRMATIVE DEFENSE

The subject product was not defective or unreasonably dangerous.

## SEVENTH AFFIRMATIVE DEFENSE

The negligence, fault, or carelessness of Plaintiffs was the sole, intervening, or superseding cause of Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs is barred or diminished pursuant to Mo. Rev. Stat. § 537.765; specifically 1) the failure to use the product as reasonably anticipated by the manufacturer; 2) use of the product for a purpose not intended by the manufacturer; 3) use of the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger; 4) unreasonable failure to appreciate the danger involved in use of the product or the consequences thereof and the unreasonable exposure to said danger; 5) the failure to undertake the precautions a reasonably careful user of the product would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances; or 6) the failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged defect in the subject product, which Whirlpool specifically denies, was not known or knowable by Whirlpool in light of the generally recognized and prevailing scientific and technical knowledge available at the time of manufacture and distribution and, thus, conformed to the state of the art applicable to such products at the time of its sale and, therefore, the product was not defective or unreasonably dangerous, and any recovery by Plaintiffs is barred.

**NINTH AFFIRMATIVE DEFENSE**

Any allegedly defective and unreasonably dangerous condition in the subject product developed as a result of unreasonable and unforeseeable misuse, abuse, abnormal use, alterations, changes, modifications, or improper maintenance or repairs made to the product after it left the alleged possession and control of Whirlpool, by Plaintiffs or other persons or entities over which Whirlpool had no control or legal responsibility, and any recovery by Plaintiffs is barred.

**TENTH AFFIRMATIVE DEFENSE**

The subject product was reasonably fit, suitable, and safe for its intended use for the entire span of its useful life.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, if any, as required by law, and any recovery and/or damages should be barred or proportionally reduced.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have been compensated for the alleged damages by receiving payment from any other persons or entities, Whirlpool is entitled to a set-off in the amount of any such compensation, pursuant to Mo. Rev. Stat. § 537.060.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of spoliation, waiver, estoppel, laches, and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name parties indispensible to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Whirlpool reserves the right to assert any additional affirmative defenses based upon further discovery and/or adopt those applicable affirmative defenses asserted by any other defendant herein.

## JURY TRIAL DEMANDED

SHOOK, HARDY & BACON L.L.P.

By: ___/s/ J. Michael Roberts_____
J. Michael Roberts, #46959
Jason R. Scott, #61200

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
jroberts@shb.com
jscott@shb.com

Attorneys for Defendant Whirlpool Corporation