IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RANDY RUSSELL and )
ANTOINETTE RUSSELL, )
 ) Case No. 6:10-CV-3180
          Plaintiffs, )
 )
v. )
 )
WHIRLPOOL CORPORATION, )
 )
          Defendant. )

## TRIAL BRIEF

Plaintiffs were the owner of a home in southwest Missouri when the house was virtually destroyed by fire. The loss to the structure and the contents was catastrophic. Plaintiffs claim the fire occurred as a result of a defect in a refrigerator manufactured and sold by the defendant.

The structure and many of the items of personal property have a value as possessions which can be measured by opinion. However, as with most people, the plaintiffs also had items in the house that didn't really have a market value. Family photographs and things of that nature have no value other than the sentimental value. There is no MAI instruction for such losses.

The loss of items of property that have only sentimental value must be measured by the jury, and the jury must award a "reasonable special value of such articles to their owner." See Shewalter v. Wood, 183 S.W. 1127 (Mo. App. 1916).

When property has been lost, that doesn't have a market value, but does have a sentimental value, a "not in MAI" instruction must be given and the jury is

to assess the sentimental value. Breece v. Jett, 556 S.W.2d 696 (Mo. App. 1977).

When property has a sentimental value and cannot be replaced, the jury must assess a "reasonable special value to the owner". Ladeas v. Carter, 845 S.W.2d 45 (Mo. App. 1992).

With regard to household goods and wearing apparel, there isn't a "market" for that kind of property and the measure of damage is based on the value of the property to the owner as opposed to a "willing seller/willing buyer". That issue is before the Court in Bewley v. Allright Carpark, Inc., 617 S.W.2d 547 (Mo. App. 1981):

> "In Point I, as to R. B. Bewley's judgment, appellant contends that the trial court should have granted its motion for directed verdict because there was no competent evidence of the fair market value of the property lost by him. The general rule is as appellant states, that the measure of damages for loss of personal property is the difference between fair market values before and after the damage. Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903, 910(23, 24) (Mo. 1933); Bridgeforth v. Proffitt, 490 S.W.2d 416, 425 (Mo.App. 1973). But the rule is different for the kind of personal property which was here lost. In 22 Am.Jur.2d, Damages, s 150, pp. 218, 219, it is said, 'Household goods and wearing apparel in the plaintiff's possession differ from many other items of personal property. They are often more "personal" for the owner in the sense that another item of equal age, quality, and condition is not interchangeable, in the opinion of owners generally, with the item destroyed, injured, or taken. * *
>
> * In the determination of the measure of damages, evidence of the cost of articles when new in connection with evidence of the wear and tear, the length of time they have been in use, their condition at the time of the loss or injury, the expense of replacing them with other goods of a similar kind and in a similar condition, and any other facts which will enable the jury to determine the worth of the goods to the owner at the time of the loss, is proper for the consideration of the jury.' Cited in the Am.Jur.2d citation, supra, is Anno. Damages Household Goods Clothing, 63 A.L.R. 240, 241,

where another general rule is stated, with many cases cited following it: 'It is generally held that the amount of recovery for the loss or conversion of, or injury to, wearing apparel or household goods, is not limited to the price which could be realized by a sale in the market; but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place on them.' In-the-there cited case of Monahan v. Scott Cleaning Co., 241 S.W. 956 (Mo.App. 1922), following the above rule that an owner may recover the value of the goods to him, the plaintiff lost a hand-crocheted bedspread of special design and pattern, the court approved an instruction to the jury that it could award what it found to be the fair and reasonable value of the spread, taking into consideration the labor and material involved. Superseding the foregoing annotation is another extended one, 34 A.L.R.3d 816, wherein the significant case of Keeton v. Sloan's Moving & Storage Company, 282 S.W.2d 194 (Mo.App. 1955), is reported. There, the plaintiff testified in detail as to the price she paid for each article at the time of its purchase and placed the value of the goods at the time of their storage at the price she had paid for the, arriving at the latter figure by reason of the increased cost of furniture and the condition of the goods at the time they were stored. 'Any lack of professional experience on the part of Mrs. Keeton in regard to the valuation of the property affected went only to the weight and not to the competency of her testimony. She was testifying about articles with which she and most housewives are familiar and her testimony was sufficient proof of the value of the goods both before and after the fire.' 282 S.W.2d 199(10, 11). (Note also in the Keeton case, 282 S.W.2d 199(8, 9), that the court could not have directed a verdict for failure to prove damages where actionable injury is shown in which case nominal damages are given.) As to proof of value, see further, Casada v. Hamby Excavating Co., Inc., 575 S.W.2d 851, 856 (Mo.App.1978). Considering R. B. Bewley's testimony above that his suits, shoes and ties were practically new, and the costs thereof, there was competent evidence of the value under the foregoing authorities, and Point I is therefore overruled, except as to $170.50 in items upon which he gave no cost figures.

"By Point II, appellant again contends that there was no competent evidence as to the claims of Sarah Lorene Bewley and Darrell Bewley because there was no evidence of the fair market value of their property. As noted in the authorities above, fair market value at the time of loss need not be the measure of damages for loss of personal apparel and effects. All the property here was lost to

respondents. <u>They were competent as owners to testify as to its value to them at the time of the loss, as each of them did.</u> See the Casada case, supra, 575 S.W.2d 854(1-3), and cases and authority cited. Point II is overruled."

HASTY & ASSOCIATES, LLC

    /s/ Paul Hasty, Jr.
Paul Hasty, Jr.    MO # 34470
7101 College Blvd., Suite 350
Overland Park, Kansas 66210
Telephone   (913) 317-8068
Facsimile:   (913) 317-8058

**ATTORNEY FOR PLAINTIFFS**

I hereby certify that the above and foregoing was electronically filed and served by using the CM/ECF system on the 13th day of May, 2011, to:

Chris Daniels
Sarah Eibling
Nelson Mullins Riley & Scarborough, LLP
Meridian 17th Floor
1320 Main Street
Columbia, SC 29201

J. Michael Roberts
Jason R. Scott
Shook Hardy, Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613

**ATTORNEY FOR DEFENDANT
WHIRLPOOL CORPORATION**

    /s/ Paul Hasty, Jr.
Paul Hasty, Jr.
For the Firm